Aaron D. Maslow, Esq. Counsel, Board of Elections in the City of New York
You have asked whether payment by the Board of Elections of the City of New York of postage for voters' return of absentee ballots would violate Article VII, section 8(1) of the New York Constitution or any other provision of the State Constitution.
Article VII, section 8(1) of the State Constitution relates to gifts or loans of money of the State. However, as you advise, and as provisions of the Election Law confirm, the operations and expenses of the Board are funded by the City of New York, and presumably the expenses of providing postage would be funded by the City (Election Law, § 4-136[3]).
As a result, it appears that the parallel gift and loan provisions of Article VIII, section 1 of the State Constitution, which relate to gifts or loans of money by a city, are relevant here, rather than the provisions of Article VII, section 8(1) thereof.
Article VIII, section 1 of the State Constitution provides, in pertinent part, as follows:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation as association, or private undertaking . . .".
At issue is whether the use of City money to fund postage for absentee ballots constitutes a gift of City money to the individual absentee voter in violation of Article VIII, section 1 of the State Constitution.
While Article VIII, section 1 of the State Constitution prohibits a city from giving money or property to or in aid of an individual, an incidental benefit to a private party does not invalidate a municipal expenditure which otherwise serves a public purpose (Matter of Murray vLaGuardia, 291 N.Y. 320 [1943]; Murphy v Erie County, 28 N.Y.2d 80
[1971]).
Thus, in various opinions this office has concluded that Article VIII, section 1 of the State Constitution does not prohibit municipally-funded programs which serve a valid public purpose but incidentally benefit private parties. See 1986 Op Atty Gen (Inf) 97 involving county funding for an employee award program; 1985 Op Atty Gen (Inf) 168 involving town contributions to subsidize the expenses of extending cable television service to rural town residents; 1985 Op Atty Gen (Inf) 98, involving county funding for a migrant child care center. See also, 1980 Op Atty Gen 88 concluding that State loans in support of employee vanpools and carpools does not violate Article VII, section 8 of the State Constitution.
"[T]he Legislature has explicitly declared a public policy in favor of the broadest voter participation in elections 66 N.Y.2d 185 [1985]). In our view, providing postage for absentee ballots is in furtherance of the valid public purpose of encouraging broad voter participation in elections, and the postage savings to the voting individual is an incidental private benefit.
Accordingly, in our view payment by the Board of Elections in the City of New York of postage for voters' return of absentee ballots would not constitute a prohibited gift of city money or property under ArticleVIII, section 1 of the New York Constitution.